Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4090 | **DATE** | 9/2/2008 |
| **CASE TITLE** | Collier vs. Blagojevich, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiffs' application for leave to proceed *in forma pauperis* [3] and motion for appointment of counsel [4] are denied and the complaint [1] is dismissed.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Martha Collier filed a *pro se* complaint, purportedly under 42 U.S.C. §§ 1983 and 1985, on her own behalf and on behalf of four other individuals, Crystal Bolton, Johnny Bolton, Jr., Julia Wright, and Lessie Collier. The last of the named Plaintiffs is deceased. Defendants in this action are the Governor of Illinois, Rod R. Blagojevich, Walter Jacobson, a Chicago television news reporter, unidentified members of the Blagojevich and Jacobson families, Bankers Life and Casualty Company, and the family of an individual named Edward Berube. (Plaintiffs identify Governor Blagojevich throughout the complaint as "Rob," but it is clear that they intend to sue the Governor.)

This action appears to have its roots in a prior Title VII action, *Collier v. Bankers Life & Casualty Co.*, No. 02 C 7062, to which Plaintiffs refer in their complaint. That reference prompted the Court to examine the docket sheet of the prior lawsuit. See *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (explaining that proceedings and decisions of other courts are proper subjects of judicial notice); see also Fed. R. Evid. 201(b); 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence* § 5106, at 505. Plaintiff Collier's 2002 lawsuit was dismissed by Judge Zagel. After an appeal of that lawsuit, Plaintiff Collier filed a separate lawsuit against Judge Zagel and unspecified Judges of the Seventh Circuit Court of Appeals, *Collier v. Zagel*, No. 04 C 716, complaining about various decisions in the Title VII case. Judge Norgle dismissed the lawsuit against Judge Zagel, and the Seventh Circuit affirmed that dismissal in No. 04-1454 (issued June 24, 2004), finding that both the lawsuit and the appeal were frivolous and warning Plaintiff Collier "that frivolous lawsuits and appeals can result in the imposition of sanctions."

## STATEMENT

Further examination of this Court's records revealed that a year later, Plaintiff Collier filed another lawsuit in this district, *Collier v. Blagojevich*, No. 05 C 5202, that bears a good deal of resemblance to the instant lawsuit. In the 2005 lawsuit, Plaintiff Collier alleged that Governor Blagojevich and Walter Jacobson "committed a series of acts against her," including "(1) conspiring along with Judge James B. Zagel and Bankers Life and Casualty to unlawfully intervene with her petition for review at the Supreme Court of the United States, (2) Jacobson terrorized her through illegal surveillance, (3) a member of Jacobson's family paid a third party to attack Collier, (4) a member of Jacobson's family prevented Collier from finding other work, and (5) the actions taken by Jacobson were at the direction of Governor Blagojevich and Judge Zagel." These actions, Plaintiff Collier asserted, violated the Fifth and Fourteenth Amendments to the Constitution of the United States and the civil rights laws, including 42 U.S.C. § 1983, and caused damages in the amount of $70,000,000. Judge Holderman determined that allegations of the 2005 lawsuit were "factually frivolous" and thus denied Plaintiff Collier's petition to proceed in forma pauperis and dismissed the complaint in an order entered on September 20, 2005.

In the instant case, Plaintiffs seek one hundred million dollars in damages "for continuous crimes committed by the defendants," including conspiracy, crimes of torture and illegal surveillance, and other violations of the Fifth, Thirteenth, and Fourteenth Amendments to the Constitution of the United States. Specifically, the complaint alleges that on July 12, 2008, "Crystal Bolton was attacked by a male member of the family of Edward Berube, Walter Jacobson and the family of Governor Rob J. Blagojevich while their families watched and cheered the crime." Plaintiffs also allege that (i) Plaintiff Johnny Bolton "is losing weight because of poisonous substances the defendants have put in his food by illegal home entry," (ii) in March 2007, Plaintiff Julia Wright "had to endure eye surgery while suffering from recent respiratory problem," (iii) Plaintiff Martha Collier has suffered deteriorating health from illegal surveillance and harassment, and (iv) Defendants' acts somehow caused the death of Plaintiff Lessie Collier.

As the preceding paragraphs demonstrate, this lawsuit mirrors the 2005 lawsuit brought by Plaintiff Martha Collier in many respects. There is substantial overlap among the parties and the underlying theories of liability. Indeed, this lawsuit simply adds further alleged instances of the "continuous crimes" that Plaintiffs contend have been perpetrated by at least some of the Defendants for many years. And, not surprisingly, this lawsuit suffers from the same core defect that caused Judge Holderman to dismiss the 2005 lawsuit – namely, the allegations are "factually frivolous" and therefore the application to proceed *in forma pauperis* and the motion for appointment of counsel must be denied and the complaint must be dismissed.

The federal *in forma pauperis* statute codified at 28 U.S.C. § 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To that end, Section 1915(a) permits a litigant to commence an action in federal court "*in forma pauperis* by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit." *Id*. "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. To prevent such litigation, Congress has directed the federal courts to dismiss a claim filed *in forma pauperis* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Id*. Section 1915(e) specifically provides that "the court shall dismiss the case at any time if the court determines that * * * the action * * * is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

| **STATEMENT** |
|---|
| 1915(e)(2).  As the Supreme Court observed in *Neitzke*, "[d]ismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." 490 U.S. at 324.<br><br>In *Neitzke*, the Court also explained that the statutory term "frivolous," when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." 490 U.S. at 325. In *Denton v. Hernandez*, the Court further defined the standard for factual frivolousness, holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." 504 U.S. 25, 33 (1992).  Having carefully examined the allegations of Plaintiffs' complaint and the prior litigation referenced in that complaint, the Court finds that the allegations are factually frivolous and that the application to proceed in forma pauperis and the motion for appointment of counsel must be denied and the complaint must be dismissed under Section 1915(e)(2)(B)(I). |