**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTHA COLLIER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08 c 4090 |
| ROD R. BLAGOJEVICH, et al., | ) ) | Judge Robert M. Dow, Jr. |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff-Appellant's motion to proceed on appeal *in forma pauperis*, which was transferred to this Court by the Seventh Circuit for a ruling in the first instance pursuant to Fed. R. App. P. 24(a)(1). Plaintiff has provided the affidavit in support of her motion, as required by Rule 24(a)(1), in which she sets forth her inability to pay the applicable fees and costs, claims an entitlement to redress, and states the issues that she intends to present on appeal. For the reasons set forth below, the Court denies the motion.

**I.      Background**

On September 2, 2008, this Court entered an order denying Plaintiff's application for leave to proceed *in forma pauperis* in the district court, denying Plaintiff's motion for appointment of counsel, and dismissing Plaintiff's complaint. As the Court noted in its September 2 order, this litigation appears to have its roots in a prior Title VII action, *Collier v. Bankers Life & Casualty Co.*, No. 02 C 7062, to which Plaintiff refers in her complaint.[1] That lawsuit was dismissed by Judge Zagel. After an appeal of that lawsuit, Plaintiff filed a separate lawsuit against Judge Zagel and unspecified Judges of the Seventh Circuit Court of Appeals,

---

[1] As noted in the Court's September 2 order, Plaintiff purports to bring the instant lawsuit on behalf of herself and others, at least some of whom appear to be members of her extended family.

*Collier v. Zagel*, No. 04 C 716, complaining about various decisions in the Title VII case. Judge Norgle dismissed the lawsuit against Judge Zagel, and the Seventh Circuit affirmed that dismissal in No. 04-1454 (issued June 24, 2004), finding that both the lawsuit and the appeal were frivolous and warning Plaintiff "that frivolous lawsuits and appeals can result in the imposition of sanctions."

In the September 2 order, this Court further observed that a year later, Plaintiff filed another lawsuit in this district, *Collier v. Blagojevich*, No. 05 C 5202, that bears a good deal of resemblance to the instant lawsuit. In the 2005 lawsuit, Plaintiff alleged that Governor Blagojevich and Walter Jacobson, a Chicago television anchorman and also a defendant in this lawsuit, "committed a series of acts against her," including "(1) conspiring along with Judge James B. Zagel and Bankers Life and Casualty to unlawfully intervene with her petition for review at the Supreme Court of the United States, (2) Jacobson terrorized her through illegal surveillance, (3) a member of Jacobson's family paid a third party to attack Collier, (4) a member of Jacobson's family prevented Collier from finding other work, and (5) the actions taken by Jacobson were at the direction of Governor Blagojevich and Judge Zagel." These actions, Plaintiff asserted, violated the Fifth and Fourteenth Amendments to the Constitution of the United States and the civil rights laws, including 42 U.S.C. § 1983, and caused damages in the amount of $70,000,000. In disposing of the 2005 lawsuit, Judge Holderman determined that allegations were "factually frivolous" and thus denied Plaintiff's petition to proceed *in forma pauperis* and dismissed the complaint in an order entered on September 20, 2005.

Comparing the present lawsuit to the 2005 lawsuit, this Court noted many similarities with respect to the parties and the underlying theories of liability, including "for continuous crimes committed by the defendants," such as conspiracy, crimes of torture and illegal

surveillance, and other violations of the Fifth, Thirteenth, and Fourteenth Amendments to the Constitution of the United States. The complaint adds to the areas of factual and legal overlap noted above a number of further incidents that form the backdrop for claims that appear to lack any legal basis, could not be brought in federal court in any event, and/or are devoid of factual rationality. For example, the complaint alleges that (i) on July 12, 2008, "Crystal Bolton was attacked by a male member of the family of Edward Berube, Walter Jacobson and the family of Governor Rob J. Blagojevich while their families watched and cheered the crime," (ii) Johnny Bolton "is losing weight because of poisonous substances the defendants have put in his food by illegal home entry," (iii) in March 2007, Julia Wright "had to endure eye surgery while suffering from recent respiratory problem," (iv) Plaintiff herself has suffered deteriorating health from illegal surveillance and harassment, and (v) Defendants' acts somehow caused the death of Lessie Collier, who was Plaintiff's mother.

In view of the common ground between this lawsuit and the 2005 lawsuit that Judge Holderman dismissed as "factually frivolous," this Court examined the text of and case law construing the federal *in forma pauperis* statute codified at 28 U.S.C. § 1915. In *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), the Supreme Court directed the federal courts to dismiss a claim filed *in forma pauperis* "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Id.* The Court further observed that "[d]ismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." 490 U.S. at 324.

Like Judge Holderman in 2005, this Court concluded *sua sponte* that Plaintiff's current complaint must be dismissed pursuant to a "finding of factual frivolousness," which the Supreme Court has held "is appropriate when the facts alleged rise to the level of the irrational or the

wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); see also *Neitzke*, 490 U.S. at 325 (the statutory term "frivolous," when applied to a complaint, "embraces * * * the fanciful factual allegation"); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity"); *Davis v. Allen County Sheriff*, 2006 WL 2849729, at *2 (N.D. Ind. Sept. 29, 2006) ("As with two of his prior lawsuits discussed above, this one lacks foundation and is factually frivolous. To the extent that his claims are not otherwise barred by *res judicata*, they are unbelievable"). Accordingly, this Court denied Plaintiff's application to proceed *in forma pauperis* and Plaintiff's motion for appointment of counsel and dismissed the complaint under Section 1915(e)(2)(B)(i).

## II. Analysis

Plaintiff now seeks to appeal this Court's ruling and has filed a motion to proceed on appeal *in forma pauperis*. In considering this motion, the Court recognizes the serious consequences of its decision to dismiss this lawsuit "even though there has been no evidentiary hearing" to determine the truth or falsity of the allegations of the complaint. See *Gladney*, 302 F.3d at 774. Dismissals on such grounds are not entered lightly, but rather only after careful consideration of all of the circumstances within the Court's purview. Here, in view of the allegations themselves – and especially in light of the close relationship of those allegations to the allegations in prior litigation that a judge of this Court dismissed as factually frivolous – the Court has concluded that dismissal is warranted.

The Seventh Circuit has made clear that litigants should not be permitted to appeal *in forma pauperis* where their underlying complaint has been dismissed as frivolous. *Lee v.*

*Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). As the court of appeals explained, "[t]here is no reason why obviously frivolous appeals such as [Plaintiff's], appeals bound to be dismissed as soon as the appellate judges get hold of them, should have to be authorized by the district judge." *Id*. at 1027. In *Lee*, the court held that the district court should not have permitted an appeal to proceed *in forma pauperis* where the underlying lawsuits had been dismissed as frivolous, but the court summarily affirmed the dismissal finding that the suits and the appeals were in fact frivolous. *Id*. Other judges in this circuit, following *Lee*, have certified that appeals in frivolous suits are not taken in good faith and have denied leave to proceed on appeal *in forma pauperis*. See, *e.g.*, *Burnett v. Conlon*, 2000 WL 696799, at *2 (N.D. Ill. May 30, 2000); see also 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The logic of that result appears to be unassailable, for it would seem "inconsistent for a district court to determine that a compliant is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*." *Stamps v. McWherter*, 888 F. Supp. 71, 74 (W.D. Tenn. 1995). Cf. *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) (noting, in a pre-PLRA case, that the granting of leave to appeal *in forma pauperis* from the dismissal of a frivolous suit is "self-contradictory").

## III. Conclusion

For all of these reasons, and especially in light of the Seventh Circuit's holding in *Lee*, the Court denies Plaintiff's motion for leave to appeal *in forma pauperis*. The Court advises Plaintiff that Federal Rule of Appellate Procedure 24(a)(5) permits an appellant "to file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after" the Clerk of the District Court has provided notice to her under Federal Rule of Appellate Procedure 24(a)(4)

that the district court has determined that she is not entitled to proceed on appeal *in forma pauperis*.

Dated: September 23, 2008  _____
Robert M. Dow, Jr.
United States District Judge